reduce the income of that parent below the self-support reserve" (§ 416 [d] [3]). In short, Family Court Act § 416 (c) and (d) "implicate[ ] judicial involvement" in determining the issue "whether health insurance benefits are 'available'" (*Matter of Chemung County Commr. of Social Servs. v Beard*, 101 AD3d 33, 35 [2012]).

CPLR 5241 (b) (2) (i) provides in relevant part that, where the court "orders the [parent] to provide health insurance benefits for specified dependents, an execution for medical support enforcement may . . . be issued by the support collection unit." CPLR 5241 (b) (2) (ii) provides in relevant part that, where a child support order requires the parent "to provide health insurance benefits for specified dependents, and where the [parent] provides such coverage and then changes employment, and the new employer provides health care coverage, an amended execution for medical support enforcement may be issued by the support collection unit . . . without any return to court."

Petitioner contends that, pursuant to CPLR 5241 (b) (2) (ii), it may issue a medical income execution to a new employer of the parent without going to court, and it was therefore error for the Support Magistrate to include the provision that a medical income execution "shall not [be issued] without such Court Order." We conclude that petitioner's reliance on CPLR 5241 (b) (2) (ii) is misplaced. A plain reading of that statute shows that it is not applicable here because neither parent provided health insurance coverage for the child at the time the Support Magistrate issued the order. The statute specifically provides that, "*where* the [parent] provides such coverage *and then* changes employment," an amended medical income execution may be issued by petitioner without returning to court (*id.* [emphasis added]). Inasmuch as there was no medical income execution that was issued in this case, there was nothing to "amend." Contrary to petitioner's further contention, a medical income execution can be issued only where a court has ordered a parent to provide health insurance benefits, and that has not occurred yet inasmuch as the Support Magistrate determined that such benefits are not available (*see* CPLR 5241 [b] [2] [i]; *Matter of Oneida County Dept. of Social Servs. v Paul S.*, 41 AD3d 1189, 1190-1191 [2007], *lv denied* 9 NY3d 810 [2007]). Present—Scudder, P.J., Smith, Centra, Lindley and Valentino, JJ.

■ In the Matter of CHAUTAUQUA COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, on Behalf of CHERISH M. WEATHERS, Appellant, v MICHAEL A. WEATHERS, Respondent. (Appeal

No. 2.) [3 NYS3d 672]—Appeal from an order of the Family Court, Chautauqua County (Judith S. Claire, J.), entered October 17, 2013 in a proceeding pursuant to Family Court Act article 4. The order dismissed the objection of the Chautauqua County Department of Health and Human Services and affirmed the order of the Support Magistrate.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs (*see Matter of Chautauqua County Dept. of Health & Human Servs. v Matteson*, 126 AD3d 1338 [2015]). Present—Scudder, P.J., Smith, Centra, Lindley and Valentino, JJ.

■ In the Matter of RAECHEL S. CONNELL, Respondent, v ALAN PETTEYS, Respondent. CHAUTAUQUA COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, Appellant. (Appeal No. 3.) [3 NYS3d 664]—Appeal from an order of the Family Court, Chautauqua County (Judith S. Claire, J.), entered October 17, 2013 in a proceeding pursuant to Family Court Act article 4. The order dismissed the objection of the Chautauqua County Department of Health and Human Services and affirmed the order of the Support Magistrate.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs (*see Matter of Chautauqua County Dept. of Health & Human Servs. v Matteson*, 126 AD3d 1338 [2015]). Present—Scudder, P.J., Smith, Centra, Lindley and Valentino, JJ.

■ In the Matter of JENA R. RAHR, Respondent, v JESSIE A. BENSON, Respondent. CHAUTAUQUA COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, Appellant. (Appeal No. 4.) [3 NYS3d 665]—Appeal from an order of the Family Court, Chautauqua County (Judith S. Claire, J.), entered October 17, 2013 in a proceeding pursuant to Family Court Act article 4. The order dismissed the objection of the Chautauqua County Department of Health and Human Services and affirmed the order of the Support Magistrate.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs (*see Matter of Chautauqua County Dept. of Health & Human Servs. v Matteson*, 126 AD3d 1338 [2015]). Present—Scudder, P.J., Smith, Centra, Lindley and Valentino, JJ.

■ In the Matter of GERALD F. FRIES, JR., Respondent, v NICOLE V. HUMMEL, Respondent. CHAUTAUQUA COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, Appellant. (Appeal No. 5.) [3 NYS3d 665]—Appeal from an order of the Family Court,